IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

DONTRAY LEWIS

    Defendant.

CASE NO.: 4:21-cr-197

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's June 9, 2022, Report and Recommendation, (doc. 40), to which Defendant Dontray Lewis has objected, (doc. 41). For the following reasons, the defendant's objections are **OVERRULED**. Accordingly, his motion to suppress is **GRANTED, IN PART**, and **DENIED, IN PART**. (Doc. 26.)

The defendant moves to suppress a gun found during a search of his passenger's purse incident to her arrest for obstruction following a traffic stop.  (Doc. 40, pp. 5-7.)  He also seeks suppression of incriminating statements he made after his own arrest but before receiving any *Miranda* warnings, and a subsequent search warrant for his DNA.  (Id.)  The Magistrate Judge recommends granting the motion as to the incriminating statements and denying the motion on all other grounds.  (Id., p. 27.)

The defendant's objection only takes issue with the Report and Recommendation's determination that the traffic stop was constitutionally permissible.  (Doc. 41, pp. 4-6.)  The Magistrate Judge found that the officers had probable cause to believe Lewis had made an improper turn, based on Officer Hinds' "credible and unequivocal testimony that he and Officer

Keel . . . witnessed him making an illegal turn." (Doc. 40, p. 8.) Although the defendant concedes that "[o]fficers have a right to stop cars when there is probable cause . . . to believe that a traffic infraction has occurred," and that "Officer Hinds did testify to the traffic violation . . . ," he argues that "this was a mere scape goat for the motive belying the stop, to investigate a fleeing to elude." (Doc. 41, p. 4.) Confusingly, the defendant does not address the Magistrate Judge's subsequent analysis that, despite the earlier incident not constituting unlawful flight under Georgia law, it did provide additional reasonable suspicion that the defendant, driving a car that appeared to match the description of the car observed by the other officer, had committed another traffic violation. (See doc. 40, pp. 9-10.) Instead, he contends that the stop was pretextual, and focuses on the officers' alleged motive to investigate "the fleeing to elude of a car driven by a black male driver." (Doc. 41, pp. 4-5.)

The Magistrate Judge weighed the testimony of Officer Hinds and found it to be credible and unequivocal. (Doc. 40, p. 8.) The Court accepts that determination of the credibility of the witness. See Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1245 (11th Cir. 2007) ("[T]he Supreme Court [has] made clear that § 636(b)(1) permits the district court to adopt the credibility findings made by a magistrate judge without conducting a new hearing before making a final determination." (citing United States v. Raddatz, 447 U.S. 667, 676 (1980))). Moreover, as the defendant acknowledges, the Supreme Court in Whren v. United States determined that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." (Doc. 41, p. 5 (citing 517 U.S. 806, 814 (1996)).) The Defendant has not identified any flaw in the Magistrate Judge's determination that the traffic stop was supported by probable cause.

Perhaps realizing that his argument is foreclosed by Supreme Court precedent, the defendant makes a final, rather brief argument that he is not precluded from "arguing that his rights

2

under the Equal Protect[ion] Clause have been violated" or "pursuing a claim that he was selective[ly] chosen for enforcement." (Doc. 41, p. 5.) He is correct that Whren recognizes that "the constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause," thus leaving the door open to Equal Protection challenges in some contexts. 517 U.S. at 813. However, this Court has the discretion to decline to consider a party's argument when it was not first presented to the Magistrate Judge. Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). The defendant did not raise any Equal Protection challenge in his initial motion, (doc. 26), and no Equal Protection argument was considered by the Magistrate Judge, (doc. 40). Even if the Court were inclined to consider a new argument, it would not change the outcome of the pending motion to suppress. The defendant has pointed to no authority even suggesting that the exclusion of evidence is an appropriate remedy for an alleged violation of the Equal Protection Clause of the Fourteenth Amendment. (Doc. 41, pp. 5-6.)[1] Other Courts to consider the question have determined that the exclusionary rule is inapplicable in this context. See, e.g., United States v. Foster, 2008 WL 1927392, at *5 (M.D. Ala. Apr. 28, 2008) ("Indeed, I am aware of no court that has ever applied the exclusionary rule for a violation of the Fourteenth Amendment's Equal Protection Clause." (internal quotation marks, alterations, and citation omitted)). Therefore, the defendant's objections are **OVERRULED**.

---

[1] The defendant cites to Lozman v. City of Riviera Beach, 39 F. Supp. 3d 1392 (S.D. Fla. 2014), a Section 1983 claim alleging selective enforcement by a municipality, and United States v. Schoolcraft, 879 F.2d 64, 68 (3d Cir. 1989), involving a criminal defendant's challenge to his conviction based on alleged selective prosecution. (Doc. 41, p. 5-6.) These cases do not speak to the applicability of the exclusionary rule for an alleged Fourteenth Amendment violation.

3

The Court, therefore, **ADOPTS** the Report and Recommendation, (doc. 40), as the opinion of the Court and **GRANTS, IN PART** and **DENIES, IN PART** defendant's Motion to Suppress. (Doc. 26).   The defendant's incriminating statements made after his arrest but prior to receiving his *Miranda* warning are **EXCLUDED** from trial.   The remainder of the motion is **DENIED**.

**SO ORDERED**, this 29th day of June, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA