UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DONTRAY LEWIS,                    )
                                  )
       Movant,                    )
                                  )
v.                                )          CR421-197
                                  )
UNITED STATES OF                  )
AMERICA,                          )
                                  )
       Respondent.                )

## ORDER

Dontray Lewis moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence.  Doc. 113; *see United States v. Almand*, 992 F.2d 316, 317 (11th Cir. 1993) (individuals challenging the validity of any sentence, including those imposed for revocation of supervised release, must utilize § 2255).  Upon Lewis' submission of his Amended Motion, the Court will conduct the "preliminary review" required by the Rules.  *See* Rule 4, Rules Governing Section 2255 Proceedings.

Lewis' Motion was not filed using the standard form provided for § 2255 Motions.  *See* doc. 113.  The Rules Governing Section 2255 Proceedings require that "[t]he motion must substantially follow . . . the form appended to these rules . . . ."  Rule 2(c), Rules Governing Section

2255 Proceedings. When a motion is submitted without using the form, the Advisory Committee Notes instruct that "the better procedure [is] to . . . require the moving party to submit a corrected motion that conforms to [the Rule]." Rule 2, Rules Governing Section 2255 Proceedings, advisory committee note to 2004 amendments. Lewis is, therefore, **DIRECTED** to submit his Amended Motion, using the standard form, no later than May 27, 2024.[1] The Clerk is **DIRECTED** to enclose a blank copy of Form AO 243 (Motion to Vacate / Set Aside Sentence (Motion Under 28 U.S.C. § 2255)) with the service copy of this Order for Lewis' convenience. Lewis is advised that the Amended Motion will become the sole operative pleading and only those claims listed in it will be considered by the Court. *See, e.g., Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000) (applying Fed. R. Civ. P. 15 to amendment of § 2255 motion); *see also, e.g., Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th

---

[1] Amendment is particularly appropriate here because, in the absence of the form's structure, Lewis' allegations are somewhat unclear. Ground One of his Motion asserts that his Fourth Amendment rights were violated, but his assertion ends midsentence. *See* doc. 113 at 2-3. Moreover, "Ground Four," although presented as a ground for relief appears to be a preemptive response to the argument that Lewis' "guilty plea," bars his constitutional challenge to 18 U.S.C. § 922(g). *Id.* at 6-7. Not only does such a preemptive argument not appear to be a "ground," Lewis did not plead guilty. *See, e.g.,* doc. 82 (Jury Verdict); doc. 96 (Judgment).

Cir. 2007). Lewis is further advised that failure to comply with the Court's instructions may result in a recommendation that his Motion be dismissed. *See* Fed. R. Civ. P. 41(b); *Hawthorne v. United States*, 2022 WL 3099271, at *2 (11th Cir. Aug. 4, 2022) (affirming Rule 41(b) dismissal where § 2255 movant failed to file amended motion as directed).

**SO ORDERED**, this 13th day of May, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA